UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN EDWARDS,<br><br>         Plaintiff,<br><br>v.<br><br>PACIFIC CYCLES, INC., SEARS HOLDINGS MANAGEMEN CORPORATION, SEARS ROEBUCK AND CO., AND DOES 1-20,<br><br>         Defendants. | Case No.: 18-cv-1358-L (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT [ECF No. 15]** |

In this tort action for negligence and products liability, Defendant removed this case alleging federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332. (ECF No. 1 at 2-3.) Presently, Plaintiff requests leave to amend and supplement his First Amended Complaint ("FAC") to add Apollo Retail Specialists, LLC ("Apollo") as DOE 1. (*See* ECF No. 15.) After review of Plaintiff's motion and supporting documents, the Court finds that Plaintiff failed to adequately allege Apollo's citzenship.

Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

1

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010). Plaintiff relies on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants. Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Given the Court's *sua sponte* obligation to assure itself of the existence of subject matter jurisdiction, the Court requires Plaintiff to affirmatively allege the identities of the members of the LLC defendants and the jurisdictional facts that support Plaintiff's invocation of the Court's diversity jurisdiction. *See Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998).

Despite Plaintiff's failure to affirmatively allege the citizenship of the LLC defendant, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist. *See* 28 U.S.C. §1653; *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court GRANTS Plaintiff leave to amend his FAC. If Plaintiff chooses to file a second amended

complaint, he must do so no later than **October 1, 2018**. However, the failure to file a Second Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: September 11, 2018

_____
Hon. M. James Lorenz
United States District Judge