UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALAN EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC CYCLE, INC., APOLLO RETAIL SPECIALISTS, LLC,  AND DOES 1-20,<br><br>Defendants. | Case No.:  18cv1358-L(BLM)<br><br>**ORDER GRANTING EX PARTE APPLICATON FOR CONTINUANCE OF JULY 28, 2021 SETTLEMENT CONFERENCE**<br><br>**[ECF No. 59]** |
|---|---|

On April 1, 2021, the Court issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings.  ECF No. 51.  In the Order, the Court scheduled a videoconference Mandatory Settlement Conference ("MSC") for July 28, 2021.  Id. at 3-7.

On April 12, 2021, Defendant Apollo Retail Specialists, LLC answered Plaintiff's First Amended Complaint.  ECF No. 53.

On July 14, 2021, Plaintiff and Defendant Pacific Cycle, Inc. filed a motion to continue the July 28, 2021 MSC.  ECF No. 59.  Plaintiff and Defendant Pacific Cycle, Inc. seek to continue MSC to sometime after October 1, 2021.  Id. at 4.  In support, Plaintiff and Defendant Pacific Cycle, Inc. state that

> The issue of who assembled the subject bicycle at the Sears store is the major issue in this case that is warranting further investigation.   The parties are in the

1

course of seeking documents from Sears that will substantiate that Apollo was the designated bicycle assembler for the Sears store where Plaintiff's bicycle was purchased and serving discovery upon Apollo. While the parties do believe that it could be productive to discuss the prospect of settlement early in the case, settlement discussions at this point in time, before having evidence as to who assembled the bicycle, would be unproductive.

Id. at 2. Plaintiff and Defendant Pacific Cycle, Inc. explain that counsel for Pacific Cycle, Inc. is in contact with Sears' bankruptcy counsel and working to obtain the necessary documents which are needed to "effectively discuss a resolution of this matter." Id. at 4. A continuance will allow "additional time for Sears to respond to Pacific Cycle's subpoena and Plaintiff and Pacific Cycle to depose Apollo Retail Specialists on the issue of assembly of the subject bicycle."[1] Id. Plaintiff and Defendant Pacific Cycle, Inc. note that counsel for Apollo Retail Specialists agrees to the requested continuance. Id.

Good cause appearing, Plaintiff and Defendant Pacific Cycle, Inc.'s motion is **GRANTED** as follows:

1. The MSC scheduled for July 28, 2021 is **CONTINUED** to **October 4, 2021** at **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **333 West Broadway, Suite 1110, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation,

---

[1] Counsel for Pacific Cycle Inc. served a subpoena on Sears Holdings Corporation and Sears & Roebuck Co. on June 28, 2021 and the compliance date is July 16, 2021. ECF No. 59-1, Declaration of Jonathan P. Dean In Support of Continuing Settlement Conference at ¶ 10. Pacific Cycle Inc. plans to notice a 30(b)(6) deposition of Apollo Retail Specialist for August 25, 2021. Id. at ¶ 12.

must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients <u>(whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference. Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[2] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

c. **Confidential Settlement Statements Required**: No later than **September 24, 2021**, the parties shall submit directly to Magistrate Judge Major's chambers

---

[2] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

(via hand delivery or email address) confidential settlement statements no more than ten (10) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

        d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

IT IS SO ORDERED.

Dated: 7/14/2021

Hon. Barbara L. Major
United States Magistrate Judge